IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JOHN M. ZIEGLER, | * | |
| THERESA L. ZIEGLER | * | |
| | * | |
| **Plaintiffs,** | * | |
| | * | |
| vs. | * | C. A. No. 2015- |
| | * | |
| PHH MORTGAGE | * | |
| CORPORATION, | * | |
| | * | |
| **Defendant.** | * | |

## COMPLAINT

COME NOW the Plaintiffs, by and through counsel, in the above styled cause, and for their Complaint against the Defendant, PHH Mortgage Corporation, and in support thereof state as follows:

### Jurisdiction & Venue

1.    This is an action brought by a consumer for violations of the Fair Debt Collection Practices Act[1] (15 U.S.C. § 1692 et seq. [hereinafter "FDCPA"]). Therefore, subject matter jurisdiction exists under 28 U.S.C. § 1331.

2.    This action is also brought under Alabama state law. These claims are brought under 28 U.S.C. Section 1332 as there exists complete diversity

---

[1] Any reference to the Fair Debt Collection Practices Act or any part thereof encompasses all relevant parts and subparts thereto.

and the amount in controversy exceeds Seventy Five Thousand Dollars ($75,000), exclusive of costs and interests.

3.    Venue is proper in this Court under 28 U.S.C. Section 1391(b) as a substantial part of the events giving rise to the claim took place in this Judicial District and Defendant is subject to personal jurisdiction in this Judicial District.

**Parties**

4.    The Plaintiffs, John Ziegler and Theresa Ziegler ["Plaintiffs" or "the Zieglers"], are natural persons who reside in Mobile County Alabama at 8404 Barrie Drive Theodore Alabama 36582.

5.    Defendant PHH Mortgage Corporation ["Defendant"] is a foreign company that engages in the business of collecting on consumer debts (i.e. a debt collector under the FDCPA) and it does business in this Judicial District. Its principle place of business is outside the State of Alabama.

**Factual Allegations**

6.    Within the last twelve months, Plaintiff received numerous harassing phone calls from Defendants about an alleged debt that do not owe..

7.    Plaintiff told Defendants repeatedly that they did not owe this debt, but Defendant said it would continue to collect it from Plaintiff anyway.

8.    Plaintiff was upset by the phone calls, called back, and requested that she receive verification of the account in writing. Plaintiff disputed the debt. She never received any verification.

9.    Plaintiff continued to receive harassing and hateful calls after her requests that Defendant stop calling her.

10.   Defendant called using recorded messages and left them on Plaintiff's voicemail.

11.   After the initial communication, Defendant did not send out the required 1692(g) letter to the plaintiff.

12.   Defendant falsely reported the information regarding the alleged debt owed by Plaintiff to one or more consumer-reporting agencies and failed to report the debt as being in dispute as required by FDCPA.

13.   This public reporting to consumer-reporting agencies constitutes defamation as Defendant has publicized false information about the alleged money owed it by Plaintiff, which is false.

14.   The conduct of Defendant has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

15.   It is a practice of Defendant to maliciously, willfully, recklessly, wantonly and/or negligently ignore and refuse to follow the requirements of the FDCPA, and state law.

16.   All actions taken by employees, agents, servants, or representatives of any type for Defendant were taken in the line and scope of such individuals' (or entities') employment, agency, or representation.

17.   All actions taken by Defendant were done with malice, were done willfully, and were done with either the desire to harm Plaintiff and/or with the knowledge that their actions would very likely harm Plaintiff and/or that their actions were taken in violation of the FDCPA, and state law and/or that they knew or should has known that their actions were in reckless disregard of the FDCPA, and state law.

18.   Defendant has engaged in a pattern and practice of wrongful and unlawful behavior with respect to collection activities and the handling of the account as set forth in this Complaint and as such Defendant is subject to punitive damages and statutory damages and all other appropriate measures to punish and deter similar future conduct by this Defendant and similar companies.

## FIRST CLAIM FOR RELIEF

## Violations of the FDCPA

19.   All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

20.   Defendant, which is a debt collector under the FDCPA, violated the FDCPA in numerous ways, including, but not limited to the following:

      a.   Refusing to send the required 1692(g) notice within five days of contact so that the Plaintiff would be informed of Plaintiff's rights;

      b.   Refusing to verify or to provide validation of the debt;

c. Making numerous and frequent harassing phone calls;

d. Not showing the account/tradeline as being in "dispute" on Plaintiff's credit report;

e. Falsely reporting the debt on Plaintiff's credit report; and

f. Using recorded phone calls to Plaintiff in violation of FDCPA.

21. Plaintiff has been damaged as a direct result of these violations of the FDCPA as set forth in this Complaint.

22. The acts and omissions of Defendant as more specifically stated in the facts constitutes numerous and multiple violations of the FDCPA including, but not limited to, §1692e(2), §1692e(8), and §1692f(1), with respect to the Zieglers. As a result of Defendant's violations of the FDCPA, the Zieglers are entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15U.S.C. § 1692k(a)(3), from Defendant.

23. Defendant is subject to the act. Within the last 12 months, Defendant attempted to collect amounts not owed. Within the last 12months, Defendant sought unjustified amounts, which would include demanding any amounts not permitted under an applicable contract or as provided under applicable law in violation of the Act §1692f(1). Within the last 12 months, Defendant threatened legal action that was either not permitted or

not actually contemplated in violation of the Act §1692 e.  Within the last

12 months, Defendant communicated with third parties: revealing or

discussing the nature of debts with third parties in violation of the Act

§1692 c.  Defendant within the last 12 months, failed to identify themselves

and notify the Zieglers in every communication, that the communication

was from a debt collector in violation of the Act §1692e(11).   Within the

last 12 months Defendant falsely stated the amount of the debt owed in

violation of §1692e2a.

24.     Defendant repeatedly called Plaintiffs in a harassing manner. Plaintiffs

informed Defendants not to harass them, but their requests were not

honored. This constitutes harassment and invasion of privacy as does the

false reporting to the credit reporting agencies.

25.     Defendant acted with negligence, malice, wantonness, recklessness, and/or

intentional conduct in its dealings with and about Plaintiffs as set forth in

this complaint.

26.     Such negligence, malice, wantonness, recklessness, and/or intentional

conduct proximately caused the damages set forth in this complaint.

**RELIEF SOUGHT**

27.     An award of statutory, actual, compensatory, and punitive damages, and

costs of the action including expenses, together with reasonable attorney's

fees.

28.    Plaintiff also requests all further relief to which she is entitled under

Federal or State law, whether of a legal or equitable nature.

## SECOND CLAIM FOR RELIEF

## <u>NEGLIGENCE</u>

29.   The Zieglers re-allege all paragraphs as if set out here in full.

30.   The Defendants negligently attempted to collect  a debt not owed by the

Plaintiff.  Defendant negligently and/or recklessly hired, supervised,

trained, or selected its employees and/or debt collectors who dealt with

Plaintiff. Defendant knew that its employees and/or agents were

incompetent and knew or should have known that its employees and/or

agents would violate state and federal law but yet these incompetent debt

collectors were used throughout the dealings with Plaintiffs.

31.   Defendant defamed Plaintiff as set forth in this Complaint by publishing

untrue statements about Plaintiff.

32.   As a direct result of the said negligence, Defendant was injured and

damaged as alleged above and have suffered mental anguish, economic

injury and all other damages allowed by law.

33.   As a result thereof, the Counter-Defendants are liable for all natural,

proximate and consequential damages due to its negligence.

## THIRD CLAIM FOR RELIEF

## WANTONNESS

34. Plaintiff re-allege all paragraphs as if set out here in full.

35. The Defendants acted with reckless indifference to the consequences, and consciously and intentionally attempted to collect a debt  and the Defendants have acted with reckless indifference to the consequences, and consciously and intentionally in instituting unauthorized debt collection against the Plaintiffs.

36. These actions were taken with reckless indifference to the consequences, consciously and intentionally in an effort to increase profits for the Defendants.

37. The Defendants knew that these actions were likely to result in injury to Plaintiffs including financial and emotional injuries and mental anguish.

38. As a result thereof, the Defendants are liable for all natural, proximate and consequential damages due to its wantonness as well as punitive damages.

### FOURTH CLAIM FOR RELIEF

### FAIR CREDIT REPORTING ACT

39. The Zieglers re-alleges and adopts the above paragraphs as if fully set forth herein and also asserts the following.

40. The Zieglers disputed the account and false credit reporting.  Defendant was  inaccurately reporting that the Zieglers were delinquent in a debt and in default.   The Zieglers repeatedly contacted Defendant from June 2014

until November 2014 and informed Defendant regarding ITS

INACCURATE REPORTING.  Moreover, the Zieglers contacted the credit

national bureaus and informed them of the inaccurate information and

disputed same.  Nonetheless the credit reports were never changed because

Defendant kept reporting the account as delinquent and in foreclosure.

41. Despite receipt of the dispute, defendants failed to properly investigate and

respond, failed to make any effort to verify the complaints of the Zieglers

and reported the false, derogatory information to the consumer reporting

agencies in violation of their duties as a furnisher of credit.

42. According to the national consumer reporting agencies' reports the

defendants falsely reported about the Zieglers' disputed debt.

43. Defendants likewise willfully, or alternatively, negligently, violated the

Fair Credit Reporting Act by failing to properly conduct a reasonable

investigation and by failing to supply accurate and truthful information.

44. Rather, Defendants reported false and inaccurate information and  failed to

retract, delete and suppress false and inaccurate information it reported

about the Zieglers.

45. Defendants failed to conduct a reasonable investigation with respect to

consumer credit data it reported about the Zieglers.

46. Defendants failed to review all relevant and pertinent information provided

to it regarding the debt.

47. As a proximate result of the Defendants' fraudulent conduct the Zieglers has been injured and damaged.

48. Defendants' violations and false credit reporting about the Zieglers have been a substantial factor in causing credit denials and other damages.

49. Defendants are liable unto the Zieglers for all actual, statutory, exemplary and punitive damages awarded in this case, as well as other demands and claims asserted herein including, but not limited to, out-of-pocket expenses, credit denials, costs and time of repairing their credit, pain and suffering, embarrassment, inconvenience, lost economic opportunity, loss of incidental time, frustration, emotional distress, mental anguish, fear of personal and financial safety and security, attorneys' fees, and court costs, and other assessments proper by law and any and all other applicable federal and state laws, together with legal interest thereon from date of judicial demand until paid.

.      WHEREFORE THE ZIEGLERS, PRAY that after all due proceedings be had there be judgment herein in favor of the Zieglers and against  Defendants.  1) That there be Judgment in favor of the Zieglers and against Defendants, for all reasonable damages sustained by the Zieglers including but not limited to actual damages, statutory damages, compensatory damages, out-of-pocket expenses, credit denials, adverse action, lost credit opportunities, costs and time of repairing his credit, pain and suffering, embarrassment, inconvenience, lost economic opportunity, loss of incidental time, frustration, emotional distress, mental

anguish, fear of personal and financial safety and security, and for

punitive/exemplary damages, attorneys' fees, and court costs, and other

assessments proper by law and any and all other applicable federal and state laws,

together with legal interest thereon from date of judicial demand until paid; and 2)

That this Honorable Court order Counter Defendants to reinvestigate and correct

the credit report(s), data emanations, and credit histories of and concerning the

Zieglers or any of the Zieglers' personal identifiers.

## FIFTH CLAIM FOR RELIEF

### (Trespass)

50.     On or about the June 18, 2014, the Defendants or their agents unlawfully
        entered upon the lands of the Plaintiffs in Mobile County, Alabama.  The
        Defendant repeatedly continued to trespass on Plaintiffs' property until
        November 2014.

51.      As a proximate result of said trespass by the Defendants, the Plaintiffs'
        were deprived of access to and possession of their real property and
        Defendants deprived Plaintiffs of the peaceful enjoyment of their property.

52.     Because of the willful and oppressive nature of the Defendants' actions, the
        Zieglers' claim punitive damages of the Defendants.

53.     As a result thereof,  Defendants are liable for all natural, proximate and
        consequential damages due to their wantonness as well as punitive damages
        upon a proper evidentiary showing.

11

**Plaintiffs demand a trial by jury as to all issues.**


Respectfully submitted:


/s/  Kenneth J. Lay

_____

KENNETH J. LAY


OF COUNSEL:
HOOD & LAY  LLC.
1117  South 22nd Street
Birmingham, Alabama 35205
(205) 323-4123
Attorney for Plaintiff



**DEFENDANT CAN BE SERVED AS FOLLOWS**:
PHH Mortgage Corporation
C/O  CSC-LAWYERS INCORPORATING SERVICE
150 SOUTH PERRY STREET
MONTGOMERY, AL 36104